**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

**CALVIN RAY MARRUQUIN**                                                    **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 4:25-CV-P15-JHM**

**HENDERSON COUNTY DETENTION CENTER *et al*.**                    **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action.  This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A.   For the reasons set forth below, the Court will allow one claim to proceed and dismiss all other claims.

**I.**

Plaintiff Calvin Ray Marruquin is incarcerated at Henderson County Detention Center (HCDC).  He sues HCDC and HCDC Deputy Justin Whitaker in both his official and individual capacities.

Plaintiff alleges that after being arrested and booked into HCDC, Defendant Whitaker "performed a normal pat-down to make sure I wasn't in possession of any contraband."  Plaintiff states that Defendant Whitaker then escorted him to an area for a "low-dose body scan" which Plaintiff "cleared with negative results."  Plaintiff states that Defendant Whitaker then escorted him to a cell where a strip search was conducted for "unreasonable reasons."  He states the strip search was unnecessary since the body scan had shown that he did not have contraband anywhere in his body and that body scans are used as alternatives to strip searches.  Plaintiff asserts that these allegations show that his Fourth Amendment right to be free from unreasonable searches was violated.

As relief, Plaintiff seeks damages and release from incarceration.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**III.**

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**A. Henderson County**

As a jail, Defendant HCDC is not an entity subject to suit under § 1983. *See Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, Henderson County is the proper Defendant. *See Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). Similarly, Plaintiff's official-capacity claim against Defendant Whitaker is also actually against Henderson County. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("Official capacity suits . . .'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).

When a § 1983 claim is made against a municipality or county, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality or county is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). In regard to the second component, a municipality or county cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom of the government entity and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691 (1978); *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). The policy or custom

"must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff does not allege that his constitutional rights were violated due to a policy or custom of Henderson County. Thus, Plaintiff's claims against HCDC and his official-capacity claim against Defendant Whitaker must be dismissed for failure to state a claim upon which relief may be granted.

### B. Defendant Whitaker

The Court next addresses Plaintiff's individual-capacity claim against Defendant Whitaker which is that Defendant Whitaker violated Plaintiff's Fourth Amendment rights when he strip-searched Plaintiff after a body scan showed no contraband.

The Supreme Court has specifically held that a jail intake process which requires detainees to undergo suspicionless strip searches does not violate the Fourth Amendment. *Florence v. Bd. of Chosen Freeholders*, 566 U.S. 318, 333-34 (2012); *see also Stoudemire v. Mich. Dep't of Corr.*, 705 F.3d 560, 575 (6th Cir. 2013). However, despite this case law, <u>the Court will Plaintiff's claim to proceed at this time</u>. *See, e.g.*, *Hardy v. Santoro*, No. 1:21-cv-327-NONE-EPG PC, 2021 U.S. Dist. LEXIS 221471 (E.D. Cal. Nov. 16, 2021) (allowing such a claim to proceed); *Neimester v. Cnty. of Salem*, No. 24-411 (ZNQ) (JBD), 2024 U.S. Dist. LEXIS 233898 (D.N.J. Dec. 27, 2024) (allowing a Fourth Amendment claim to proceed where the plaintiff alleged prison officials strip-searched him twice even though he had no opportunity to obtain contraband between the searches); *but see Smart v. Cnty. of Howard*, No. TDC-17-3701, 2019 U.S. Dist. LEXIS 32683 (D. Md. Feb. 28, 2019) (granting a motion to dismiss a similar claim).

In allowing this claim to proceed, the Court passes no judgment upon its merit or the ultimate outcome of this action.

**C. Injunctive Relief**

As to Plaintiff's request for release from jail, he cannot seek such relief in this § 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a [] prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

**IV.**

For the foregoing reasons, **IT IS ORDERED that Plaintiff's claim against HCDC, his official-capacity claim against Defendant Whitaker, and his request for injunctive relief are DISMISSED pursuant 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted**.

Because no claims remain against it, **the Clerk of Court is DIRECTED to terminate HCDC as a party to this action**.

The Court will enter a separate Service and Scheduling Order to govern the development of the claim it has allowed to proceed.

Date: March 4, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendant Whitaker (as directed above)
        Henderson County Attorney (as directed above)
4414.011

5