UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CALVIN RAY MARRUQUIN**                                                                                    **PLAINTIFF**

v.                                                                     **CIVIL ACTION NO.  4:25-CV-P15-JHM**

**HENDERSON COUNTY DETENTION CENTER** *et al.*                                         **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action initiated by Calvin Ray Marruquin. This matter is before the Court on a motion for summary judgment filed by Defendant Justin Whitaker (DN 23) and Plaintiff's response (DN 27).  Defendant Whitaker did not file a reply.  This matter is ripe for adjudication.  For the following reasons, Defendant Whitaker's motion for summary judgment will be granted in part and denied in part.

I.

In the verified complaint, Plaintiff alleges that after being arrested and booked into Henderson County Detention Center (HCDC), Defendant Whitaker, an HCDC deputy, "performed a normal pat-down to make sure I wasn't in possession of any contraband."  Plaintiff states that Defendant Whitaker then escorted him to an area for a "low-dose body scan" which Plaintiff "cleared with negative results." Plaintiff states that Defendant Whitaker then escorted him to a cell where a strip search was conducted for "unreasonable reasons."  He states the strip search was unnecessary since the body scan had shown that he did not have contraband anywhere in his body and that body scans are used as alternatives to strip searches.  In the verified amended complaint, Plaintiff alleges that his rights were also violated when Defendant Whitaker forcibly retrieved a bag from Plaintiff's rectum without any medical assistance, or a warrant, causing Plaintiff severe pain and his rectum to bleed.

Based upon these allegations, the Court allowed a Fourth Amendment claim to proceed against Defendant Whitaker in his individual capacity.

## II.

Before the Court may grant a motion for summary judgment, it must find that there is "no genuine dispute as to any material fact" and that the moving party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

Assuming the moving party satisfies its burden of production, the nonmovant "must—by deposition, answers to interrogatories, affidavits, and admissions on file—show specific facts that reveal a genuine issue for trial." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *Celotex*, 477 U.S. at 324). The non-moving party's evidence is to be believed, *Anderson*, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the Court must be drawn in favor of the party opposing summary judgment. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The fact that a plaintiff is *pro se* does not lessen his or her obligations under Rule 56. "The liberal treatment of pro se pleadings does not require the lenient treatment of substantive law, and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage." *Johnson v. Stewart*, No. 08-1521, 2010 U.S. App. LEXIS 27051, at *6-7 (6th Cir. May 5, 2010) (citations omitted). The Sixth Circuit has made clear that, when opposing summary judgment, a party cannot rely on allegations or denials in unsworn filings, and that a party's "status as a pro se litigant does not alter" its burden of showing a genuine issue for trial. *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010) (citation omitted). Yet statements in a verified complaint that are based on personal knowledge may function as the equivalent of affidavit

statements for purposes of summary judgment. *Weberg v. Franks*, 229 F.3d 514, 526 n.13 (6th Cir. 2000); *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992).

**III.**

In support of his motion for summary judgment, Defendant Whitaker presents the following undisputed evidence. On October 22, 2024, police found Plaintiff sleeping in the driver's seat of his vehicle. DN 22-1, First Citation. Plaintiff consented to a search of his vehicle which produced medication not prescribed to Plaintiff, $6,255.00 in cash, two written ledgers containing names and amounts, and a bag containing methamphetamine residue. *Id*. Plaintiff was arrested for meth possession, paraphernalia possession, and illegal possession of a drug ledger, and taken to HCDC. *Id*.

In his affidavit, Defendant Whitaker avers that when a detainee is brought to HCDC on a felony drug charge, HCDC policy requires the intake officer, which was Defendant Whitaker, to "search the detainee with a clothed pat down, electronic body scan, and a strip search." DN 22-3, Whitaker Aff., ¶ 2.[1] He further avers that the strip search is required even after a clothed pat-down and body scan do not reveal contraband, because those searches do not always detect well-hidden contraband or non-metal contraband. *Id*. at ¶ 3. Thus, upon arriving at HCDC, Defendant Whitaker patted Plaintiff down and put him through HCDC's body scanner. *Id*. Neither of these searches revealed contraband. *Id*. Defendant Whitaker then strip-searched Plaintiff in a private room with no other inmates or jail staff present. *Id*. at ¶ 4. In the private room, Defendant Whitaker ordered Plaintiff to undress until completely naked and raise his arms and genitals, which Plaintiff did. *Id*. at ¶ 5. Defendant Whitaker

---

[1] In his response, Plaintiff attempts to create a genuine issue of material fact by arguing that HCDC did not have such a policy because it is not set forth in the "Search and Seizure" section of the HCDC policy manual Plaintiff submitted as evidence. *See* DN 21-6, "Rules, Policies, Procedures and Inmate Rights Pertaining to Confinement." That document provides that inmates housed at HCDC are subject to search at any time and that all strip searches will be conducted by a staff member of the same sex as the inmate. *Id*. at p.3. Although the specific HCDC policy Defendant Whitaker avers he followed is not included in the "Search and Seizure" section of the HCDC policy manual submitted by Plaintiff, this does mean that the policy Defendant Whitaker followed was not in effect at HCDC. Moreover, the policy Defendant Whitaker followed does not conflict with the language in the policy manual. Thus, despite Plaintiff's argument to the contrary, the Court finds that there is no genuine dispute regarding a material fact.

then asked Plaintiff to spread his buttocks, but Plaintiff refused three times. After Defendant Whitaker asked Plaintiff a fourth time to spread his buttocks and cough, Plaintiff complied, and Defendant Whitaker observed a plastic baggie protruding from Plaintiff's anus. *Id*. at ¶ 6. Defendant Whitaker then removed the baggie from Plaintiff's anus and saw that it contained a crystal-like substance. *Id*. at ¶ 8. The baggie was secured in an evidence bag and turned over to the Henderson Police Department. *Id*. at ¶ 9.

As a result of the evidence found during the search, Plaintiff was charged with promoting contraband, first degree, and trafficking in a controlled substance (methamphetamine), first degree. DN 25-4, Second Citation. Plaintiff was found guilty of these charges on June 17, 2025, and sentenced to eight years of imprisonment. DN 25-6, State Court Record. Plaintiff was also charged with and found guilty of possessing unauthorized drugs in violation of HCDC policy and was sentenced to 60 days in segregation. DN 22-5.

### IV.

The Fourth Amendment protects against "unreasonable searches and seizures." U.S. Const. amend. IV. In determining the reasonableness of a search, "courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Stoudemire v. Mich. Dep't of Corr.*, 705 F.3d 560, 575 (6th Cir. 2013) (quoting *Bell v. Wolfish*, 441 U.S. 520, 559 (1979)). Here, Plaintiff challenges the scope of the intrusion, the justification for initiating the search, and the manner in which it was conducted. He does not challenge the place in which it was conducted which the undisputed evidence establishes was in a private room at HCDC. DN 22-3, Whitaker Aff., ¶ 2.

#### A. Visual Body Cavity Search

The Supreme Court has held that a policy which requires visual searches of the body cavities of new detainees prior to being admitted to the general jail population, even without reasonable suspicion, does not violate the Fourth Amendment. *Florence v. Bd. of Chosen Freeholders*, 566 U.S.

4

318, 333-34 (2012). This is because "the admission of inmates creates numerous risks for facility staff, for the existing detainee population, and for a new detainee himself or herself," *id.* at 330, and "detecting contraband concealed by new detainees," including weapons and drugs, "is a most serious responsibility" which helps ensure the safe operation of a jail. *Id*. at 332.

The Court finds that Defendant Whitaker did not violate Plaintiff's constitutional rights when he followed HCDC policy and conducted a pat-down search, body scan, and strip-search/visual body-cavity search of Plaintiff since Plaintiff had been arrested on drug charges, including the possession of methamphetamine. These searches were both justified and reasonable in scope and manner under *Florence*. Although Plaintiff argues that Defendant Whitaker's strip- search/visual body-cavity search of his person was not justified because Plaintiff had had a pat-down search and body scan which did not detect any contraband on his person, the Court finds this argument unpersuasive. Indeed, as the *Florence* court explicitly noted, visual inspections while undressed "are designed to uncover contraband that can go undetected by a patdown, metal detector, and other less invasive searches." 556 U.S. at 334. And that is exactly what happened here. The strip-search/visual body-cavity search of Plaintiff discovered contraband that neither the pat-down search nor the body scan had found – a baggie of drugs in Plaintiff's rectum.

Thus, the Court concludes that Defendant Whitaker is entitled to summary judgment on Plaintiff's claim that his strip-search/visual body-cavity search by Defendant Whitaker violated the Fourth Amendment.

### B. Body-Cavity Intrusion/Removal of Baggie

As stated above, in the verified amended complaint (DN 15), Plaintiff alleged that Defendant Whitaker violated his rights when, without a warrant, Defendant Whitaker placed his fingers in Plaintiff's rectum and forcibly retrieved the baggie Plaintiff had placed there, causing Plaintiff severe pain and his rectum to bleed. Plaintiff also argues that Defendant Whitaker's removal of the baggie was dangerous because he did it without medical assistance, without lubricant, and without knowing

5

how far the baggie protruded into Plaintiff's body. Plaintiff argues that Defendant Whitaker should have just allowed him "to move it naturally."

In his affidavit, Defendant Whitaker avers that he did not pull the bag from Plaintiff's rectum but that Plaintiff removed it himself. DN 22-3, Whitaker Aff., ¶ 7. Because statements in a verified complaint that are based on personal knowledge may function as the equivalent of affidavit statements for purposes of summary judgment, *see Weberg v. Franks*, 229 F.3d 514, 526 n.13 (6th Cir. 2000), there is a genuine dispute of material fact. As set forth above, at the summary-judgment stage, the non-moving party's evidence is to be believed. *Anderson*, 477 U.S. at 255. Thus, the Court takes as true that Defendant Whitaker, without a warrant or "medical assistance," used his fingers to remove the baggie of drugs from Plaintiff's rectum. Because Defendant Whitaker did not address whether this action violated Plaintiff's constitutional rights, his motion for summary judgment must be denied as to this claim.

However, because Defendant Whitaker did not brief the merits of this claim or address whether Defendant Whitaker may be entitled to qualified immunity on this issue, the Court will allow Defendant Whitaker to file a renewed motion for summary judgment in which he addresses these issues.[2]

---

[2] The Supreme Court has made clear that "any compelled intrusion into the human body implicates significant, constitutionally protected privacy interests." *Missouri v. McNeely*, 569 U.S. 141, 159 (2013); *see also United States v. Ruffin*, 979 F.3d 528, 533 (6th Cir. Nov. 3, 2020). In a Sixth Circuit case considering the constitutionality of a digital rectal search and whether the defendant was entitled to qualified immunity, the court stated that to determine whether a search that involves a bodily intrusion is constitutional, it must apply a three-part balancing test that weighs: "(1) the extent to which the procedure may threaten the safety or health of the individual, (2) the extent of intrusion upon the individual's dignitary interests in personal privacy and bodily integrity, and (3) the community's interest in fairly and accurately determining guilt or innocence." *Booker v. LaPaglia*, 617 F. App'x 520, 529-30 (6th Cir. July 10, 2015) (citing *Winston v. Lee*, 470 U.S. 753, 761-62 (1985)). The *Booker* court noted that the third step in the above analysis is inapplicable in the context of a search for penological goals and that courts should consider "the detention facility's need for the search instead." *Id*. The *Booker* court also stated that the "failure to obtain a warrant, while not necessarily fatal to a claim of reasonableness, is also relevant." *Id*.

## IV.

For the foregoing reasons, **IT IS ORDERED** that Defendant Whitaker's motion for summary judgment (DN 23) is **GRANTED** as to Plaintiff's first Fourth Amendment claim and **DENIED** as to his second Fourth Amendment claim.

The Court will allow Defendant Whitaker to file a renewed motion for summary judgment, no later than **January 16, 2026**, in which he addresses Plaintiff's second Fourth Amendment claim which pertains to Defendant's manual removal of the baggie of drugs from Plaintiff's rectum without a warrant or "medical assistance."

Plaintiff shall file a response to any renewed motion for summary judgment **no later than 30 days** after the motion is filed. Plaintiff is warned that his failure to comply with this Order by timely filing a response to any renewed motion for summary judgment will result in the **DISMISSAL** of this case for failure to comply with an order of the Court.

Date: December 4, 2025

*[signature]*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
     Counsel of Record
4414.011